# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY MANTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-639 CAS |
| ) | |
| AD ASTRA RECOVERY SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on defendant's Motion to Compel Arbitration and Stay Action Pending Completion of Arbitration. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the motion will be granted.

**Facts and Background**

On November 7, 2012, plaintiff Kelly Mantle signed a Payday Loan Agreement & Disclosures Statement (the "Agreement"), pursuant to which SCIL, Inc., d/b/a SpeedyCash.com ("SpeedyCash") loaned her the sum of $450. Under the Agreement, plaintiff agreed to repay the loan in the amount of $562.50, with interest at an annual percentage rage of 608.33%, on November 22, 2012. On February 1, 2013, SpeedyCash placed plaintiff's account with defendant Ad Astra Recovery Services, Inc. ("Ad Astra") for collection.

Plaintiff filed this action in the St. Louis County Circuit Court, Associate Circuit Division, asserting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). The Petition alleges that Ad Astra violated the FDCPA during a February 2013 telephone conversation in which it "informed Plaintiff that there would be attempts to remove proceeds from Plaintiff's bank account if she could not pay the debt right away," and made threats

of legal action against plaintiff if she did not pay the balance although it never intended to sue plaintiff on the alleged debt. Complaint at 2, ¶¶ 9-14. Ad Astra removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, and now seeks to enforce an arbitration provision in the Agreement.

On the last page of the six-page Loan Agreement, above plaintiff's signature, the Payday Loan Agreement states in bold, capital letters:

> **BY SIGNING THIS AGREEMENT OR APPLYING FOR A LOAN:**
> - **YOU WILL NOT BE ENTITLED TO HAVE A TRIAL BY JURY TO RESOLVE ANY CLAIM AGAINST US.**
> - **YOU WILL NOT BE ENTITLED TO HAVE A COURT, OTHER THAN A SMALL CLAIMS COURT OR ASSOCIATE CIRCUIT COURT, RESOLVE ANY CLAIM AGAINST US.**
> - **YOU WILL NOT BE ABLE TO BRING, JOIN OR PARTICIPATE IN ANY CLASS ACTION LAWSUIT AGAINST US.**

Ex. 1 to Mem. Supp. Mot. to Compel Arb., Beasley Aff. Ex. A, at 6.

The Arbitration Provision is a section of the Agreement that states in part, "Unless prohibited by applicable law and unless you reject the Arbitration Provision in accordance with Section 1 below, you and we agree that either party may elect to require arbitration of any Claim under the following terms and conditions . . . ." Beasley Aff. Ex. A, at 3.

The Agreement further provides:

> **AGREEMENTS FOR RESOLVING DISPUTES: CERTAIN DEFINITIONS**
>
> The Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver set forth below govern "Claims" you assert against us or any "related party" of ours and "Claims" we or any related party assert against you.
>
> For purposes of this Agreement, our "related parties" include all parent companies, subsidiaries and affiliates of ours (including Ad Astra Recovery Services, Inc). and our and their employees, directors, officers, shareholders, governors, managers and members.

> The term "Claim" means any claim, dispute or controversy between you and us (or our related parties) that arises from or relates in any way to this Agreement . . . ; our collection of any amounts you owe . . . . "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature . . . . It includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief.
>
> Notwithstanding the foregoing, "Claim" does not include any individual action bought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court. . . .

Beasley Aff. Ex. A, at 3.

Section 9 of the Arbitration Provision states in part, "This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA[.]" Section 10 of the Arbitration Provision provides, "**This Arbitration Provision shall survive . . . our sale or transfer of this Agreement or our rights under this Agreement**; . . ." Beasley Aff. Ex. A, at 5 (emphasis original). Section 2 of the Arbitration Provision governs the commencement of an arbitration, and states in part: "If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of some or all of the Claims asserted in the lawsuit. . . . . A demand to arbitrate a Claim may be given in papers or motions in a lawsuit." Beasley Aff. Ex. A, at 4.

**Legal Standard**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (1994), applies to all contracts involving interstate commerce. "The FAA reflects the fundamental principle that arbitration is a matter of contract." Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2776 (2010). The FAA declares that written agreements to resolve disputes through arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.§ 2 (1994). The FAA established a strong policy favoring arbitration and "any doubts

concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), *superseded by statute on other grounds*. "In light of this federal policy, arbitration agreements are to be enforced unless a party can show that it will not be able to vindicate its rights in the arbitral forum." Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004). "[E]ven claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its functions." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 90 (2000) (internal quotation marks, brackets, and quoted case omitted).

In determining whether to compel arbitration, a court "must determine simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement." Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001); see also Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004) (same). "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." 3M Co. v. Amtex Security, Inc., 542 F.3d 1193, 1198 (8th Cir. 2008) (citations omitted).

**Discussion**

Ad Astra moves to compel arbitration and stay this action, asserting that the Agreement contains a binding, enforceable arbitration provision that covers plaintiff's claims. Plaintiff opposes the motion, arguing that the Agreement specifically permits her to file suit in state associate circuit court. Plaintiff quotes one portion of the Agreement's notice language as set forth supra at 2, which states: "You will not be entitled to have a court, other than a small claims court or associate circuit court, resolve any claim against us." Plaintiff argues that she "filed this matter in Associate Circuit

4

Court, which the Defendant stated she had a right to do. Therefore this matter should be remanded to Associate Circuit Court for further proceedings." Pl.'s Response at 2.

Plaintiff does not dispute that she signed the Agreement, that the claims she raises in this action would be covered by the Arbitration Provision, or that the FAA governs the Arbitration Provision. Plaintiff does not contend that the Agreement or its Arbitration Provision is unenforceable, unconscionable, against public policy, or was procured by fraud. Plaintiff does not argue that Ad Astra does not have the right to enforce the Arbitration Provision. Plaintiff's opposition to the motion to compel arbitration is based solely on her alleged contractual right to file suit in state associate circuit court. Finally, plaintiff states that she consents to arbitration in St. Louis if the Court determines the case should not be remanded.[1]

As a threshold matter, plaintiff did not file a motion to remand, and her response to Ad Astra's motion to compel arbitration was filed more than thirty days after removal of this action to federal court. Rule 7(b) of the Federal Rules of Civil Procedure requires a request for a court order to be made by written motion that states with particularity the grounds for seeking the order. See Rule 7(b), Fed. R. Civ. P.; Hinz v. Neuroscience, Inc., 538 F.3d 979, 983 (8th Cir. 2008). Further, any motion to remand, other than one based on lack of subject matter jurisdiction, must be filed within thirty days of the filing of the notice of removal. See 28 U.S.C. § 1447(c). Plaintiff cannot contend that the Court lacks subject matter jurisdiction over this action, as she seeks relief under a federal statute. Thus, there is no motion to remand before the Court and no basis has been asserted for remand of this action.

---

[1] In its Reply memorandum, Ad Astra states it has no objection to plaintiff's request that arbitration take place in St. Louis, Missouri.

To determine whether a binding arbitration agreement exists, courts look to state contract law principles. Faber, 367 F.3d at 1052; see 9 U.S.C. § 2 (mandating the enforceability of valid written arbitration agreements). An arbitration agreement may be invalidated only under a state's general contract defenses. See Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 281 (1995). Section 9 of the Agreement's Arbitration Provision provides that the law of Kansas "shall be applicable to the extent that any state law is relevant in determining the enforceability of this Arbitration Provision under Section 2 of the FAA." Beasley Aff. Ex. A, at 5. The Court therefore looks to Kansas law to determine whether the Agreement is enforceable.

In Kansas, "competent parties are free to make their own contracts where not illegal, against public policy, or induced by fraud." Moler v. Melzer, 942 P.2d 643, 645 (Kan. Ct. App. 1997). "[A] party who freely enters a contract is bound by it even though it was unwise or disadvantageous to the party, so long as the contract is not unconscionable." Id. Mere inequality of bargaining power is insufficient to render a contract unconscionable. Aves ex rel. Aves v. Shah, 906 P.2d 642, 652 (Kan. 1995). "[T]here must be additional factors such as deceptive bargaining conduct as well as unequal bargaining power to render the contract . . . unconscionable." Wille v. Southwestern Bell Tel. Co., 549 P.2d 903, 907 (Kan. Ct. App. 1976). The burden to establish unconscionability is on the party challenging the contract. Adams v. John Deere Co., 774 P.2d 355, 357 (Kan. Ct. App. 1989). As stated above, plaintiff does not contend the Agreement or its Arbitration Provision is illegal, against public policy, inducted by fraud, or unconscionable.

Ad Astra has shown sufficient evidence of an enforceable arbitration agreement that encompasses the parties' dispute. Specifically, the Agreement between the parties and signed by plaintiff contains a detailed Arbitration Provision with a broad scope. The Arbitration Provision states that either party to the Agreement may elect to require arbitration of any "Claim"; defines the

6

term "Claim" to include "any claim, dispute or controversy between you or us (or our related parties) that arises from or relates in any way to this Agreement," including but not limited to "our collection of any amounts you owe"; and specifically names Ad Astra as a "related party." This language clearly encompasses any disputes between plaintiff and Ad Astra over the collection of any amounts plaintiff may owe to SpeedyCash, and thus includes plaintiff's FDCPA claim in this action.[2]

Plaintiff's assertion that the Agreement entitles her to file suit in state associate circuit court does not raise an issue as to the enforceability of the Arbitration Provision. The Agreement states that the term "'Claim' does not include any individual action brought by you [plaintiff] in small

---

[2]In its motion, Ad Astra argues that the Agreement and the Arbitration Provision are also enforceable under Missouri law, to the extent it may apply. Plaintiff does not contend in her opposition that Missouri law should apply. The Court notes that "traditional choice of law principles in diversity actions . . . are not available when the Federal [Arbitration] Act applies to the case." Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc., 857 F.2d 1235, 1237 (8th Cir. 1988). The Eighth Circuit has enforced contractual choice of law provisions in agreements containing arbitration clauses. See, e.g., Barker v. Golf U.S.A., Inc., 154 F.3d 788, 791 (8th Cir. 1998) (applying Oklahoma law, as agreed in the parties' contract, to determine whether agreement to arbitrate was valid; rejecting Missouri plaintiffs' argument that Missouri law should apply).

Even if Missouri law were applicable, the Agreement would be enforceable. In Missouri, "[t]he primary rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 946 (8th Cir. 2001) (quoting Speedie Food Mart, Inc. v. Taylor, 809 S.W.2d 126, 129 (Mo. Ct. App. 1991)). "When the contract is unambiguous, the intent of the parties should be determined from the instrument alone." Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001) (citing Marshall v. Pyramid Dev. Corp., 855 S.W.2d 403, 406 (Mo. Ct. App. 1993)). After the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011), the Missouri Supreme Court modified its analysis of "unconscionability" in the context of arbitration agreements. The analysis "no longer focuses on a discussion of procedural unconscionability or substantive unconscionability, but instead is limited to a discussion of facts relating to unconscionability impacting the formation of the contract." Brewer v. Missouri Title Loans, Inc., 364 S.W.3d 486, 493 n.3 (Mo. 2011) (en banc). Plaintiff has not alleged that the Agreement is unconscionable, or that it was procured by fraud or duress. See Morgan Stanley Capital Group Inc. v. Public Util. Dist. No. 1 of Snohomish Cty., 554 U.S. 527, 547 (2008) (describing fraud and duress as "traditional grounds for the abrogation of [a] contract" that speaks to "unfair dealing at the contract formation stage"). The Agreement expresses an unambiguous intent to allow the parties to elect to have all "Claims," as defined therein, resolved through arbitration.

7

claims court or your state's equivalent court, <u>unless such action is transferred, removed, or appealed to a different court</u>." (Emphasis added). Ad Astra removed plaintiff's associate circuit court case to federal court based on federal question jurisdiction, and then elected to invoke the Agreement's Arbitration Provision. As a result, plaintiff's case became a "Claim" as that term is defined by the Agreement, and is subject to arbitration.

Because Ad Astra has shown the existence of an enforceable agreement to arbitrate that encompasses plaintiff's FDCPA claims, and plaintiff has not shown that the Agreement is illegal, against public policy, procured by fraud, or unconscionable, the Court will grant Ad Astra's motion to compel arbitration and to stay this action pending the completion of arbitration.

**Conclusion**

For the foregoing reasons, the Court concludes that plaintiff executed a valid agreement to arbitrate and that her claims under the FDCPA fall within the scope of the agreement. Because the claims in this action are subject to arbitration, Ad Astra's motion to compel arbitration and stay the action pending completion of the arbitration should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ad Astra Recovery Services, Inc.'s motion to compel arbitration and to stay this action pending the completion of arbitration is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that this case is **STAYED** pending completion of the arbitration to be held in St. Louis, Missouri. The parties shall file a Notice to the Court within ten

(10) days of the conclusion of arbitration. If the arbitration is not concluded by **January 8, 2014**, the parties must on that date file a joint report setting forth the status of the arbitration.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of July, 2013.